LANDRY, Judge.
This appeal concerns only the question of the amount of damages due for cervical and lumbosacral strain sustained by plaintiff (Appellant) in an automobile accident. Appellant was awarded $2,000.00 for pain and suffering and has appealed seeking an increase in the amount of his judgment. We affirm.
The accident occurred April 2, 1974. Appellant, guest passenger, was injured when his host’s vehicle was struck from the rear by an automobile being driven by defendant Steele. At the time of the accident, Appellant was a student in college. On the day of the accident, Appellant reported to a hospital where he was seen by Dr. Richard T. Hortman, General Surgeon.
Dr. Hortman testified that plaintiff complained of pain only in the neck area. Examination disclosed no objective symptoms *1204 of injury. He diagnosed Appellant’s condition as cervical strain and prescribed pain medicine and heat treatments to the affected area. On April 5, 1974, Appellant returned and upon Dr. Hortman noting that Appellant was holding himself rigid, Dr. Hortman did not examine Appellant, but referred Appellant to an orthopaedist. Dr. Hortman explained that in view of Appellant’s posture, he felt he could do nothing for Appellant. On April 26,1974, Appellant returned to Dr. Hortman, complaining of back pain and wearing a lumbar corset. Dr. Hortman prescribed pain medication and again referred Appellant to an ortho-paedist. Appellant was last seen by Dr. Hortman on October 19, 1974. Examination disclosed no objective symptoms and no limitation of back motion, despite Appellant’s complaint of low back pain. Dr. Hortman again suggested that Appellant consult an orthopaedist. In Dr. Hortman’s opinion, Appellant was suffering from mild back strain.
Appellant was seen by Dr. Roland Rocca, Orthopaedist, on April 18, 1974. Dr. Rocca noted complaints of pain in the lumbosacral area. Examination disclosed slight muscle spasm and some tenderness in the affected area. On May 4, 1974, Appellant returned with the same complaints, and Dr. Rocca prescribed a lumbar corset. Dr. Rocca saw Appellant again on May 24, 1974, at which time he found Appellant essentially the same. At one point in his deposition, Dr. Rocca testified that he considered Appellant to have sustained an acute ligamental injury to the lumbosacral spine. At another point, Dr. Rocca indicated he believed Appellant was suffering from muscle strain in the lumbosacral area. After Appellant’s first visit, it was Dr. Rocca’s opinion that Appellant should be fully recovered in about 8 weeks.
Dr. Daniel S. Sinclair, Orthopaedist, saw Appellant on July 12, 1974. Appellant related complaints of low back pain which Dr. Sinclair could not verify by any objective symptoms whatsoever. Dr. Sinclair found no limitation of motion and no muscle spasm. Dr. Sinclair suggested that Appellant attend a local health unit for a recommended course of progressive back exercises. Dr. Sinclair also recommended that Appellant return for further evaluation after three weeks, but Appellant did not return.
In essence, Appellant testified he has been troubled with his back continuously since the accident. He has worn the corset prescribed by Dr. Rocca, and continues to wear it when his back aches. He also stated his condition has limited his activities to a considerable degree.
Relying primarily upon Dr. Rocca’s diagnosis of acute ligamental injury, Appellant contends the award is inadequate, and should be increased to $6,000.00. It suffices to state that we deem the entirety of Dr. Rocca’s testimony indicates he did not consider Appellant to have been seriously injured, and that Appellant should have fully recovered in about 8 weeks of the accident. We believe this to be in accord with the other medical evidence which characterizes Appellant’s injuries as mild strain.
Appellant cites numerous cases in which considerably larger awards were made for what Appellant deems substantially similar injuries. Conversely, defendants cite several cases in which the same or smaller awards were granted for what defendants consider comparable injuries. No useful purpose would be served by a factual review of the cited authorities in view of the jurisprudence applicable herein. -
It is well settled that awards for damages for personal injuries lie within the sound discretion of the trial judge or jury. LSA-C.C. Article 1934(3); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
An awarding damages for personal injuries, awards in other cases involving similar injuries serve only as an aid in determining whether the trial judge or jury abused its discretion in the assessment of damages. Awards for similar injuries are not intended to necessarily achieve rigid uniformity inasmuch as, although cases may be factually similar, no two cases are identical insofar as physical pain and suf *1205 fering are concerned. Miller v. Thomas, above.
An award of damages for personal injuries may not be disturbed on appeal, except on a showing of an abuse of the much discretion vested in the trial judge or jury. Miller v. Thomas, above.
The judgment of the trial court is affirmed at Appellant’s cost.
AFFIRMED.